UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF COLUMBIA
------------------------------------------------------------------------x

RUBY FREEMAN and WANDREA' MOSS,

                          Plaintiffs,        **23-cv-3754-BAH**

    -against-

                                               **DECLARATION**

RUDOLPH W. GIULIANI,

                          Defendants.

------------------------------------------------------------------------x

I, Rudolph W. Giuliani, declare as follows pursuant to 28 U.S.C. § 1746:

    1. I am the *pro se* Defendant in the above-referenced action. I submit this declaration in support of my motion requesting a thirty-day extension to file a response and opposition to Plaintiffs' Motion for Civil Contempt, filed November 20, 2024. *See* Dkt. No. 19.

    2. If this request is granted, the response and opposition will be filed on January 2, 2025, instead of December 2, 2024, the deadline that was set by the Court. *See* November 21, 2024 Scheduling Order.

    3. As I have previously indicated, the primary reason for this requested extension is that I need more time to find an attorney to represent me in this matter, especially now that Plaintiffs are making allegations seeking civil contempt.

    We have spoken to four attorneys and each attorney has declined to handle this matter because they believe Your Honor is unreasonable and biased about Trump related matters and "ideological rather than logical." One said it was "a foregone conclusion" and "a no-win proposition." Among

other numerous reasons your handling of the J6 cases is considered by many to be the most unnecessarily harsh.

4. These attorneys also cited objections to their firm to the effect on their practice. Some were willing to assist in my other cases, but not this one.

5. Additionally, the difficulty of finding an attorney has been exacerbated by the Thanksgiving holiday and will be exacerbated by the Christmas holiday.

6. There is no prejudice to Plaintiffs in granting this extension since I will agree to abide by their interpretation of the restrictions, on what I consider my right of free speech and to defend myself against their false statements, until the matter is heard.

7. To the extent that the Court is not willing to give me an extension to find an attorney, I ask for at least as much time so that I can prepare my response on a pro se basis to properly set out before the Court that the purported comments mentioned in the Plaintiffs' motion for contempt were to defend myself against their comments and only relate to the judicial proceedings and not to comments about the Plaintiffs.

8. My prior request, submitted to the Court's clerk on December 2, 2024, was reasonable and the Court certainly could have waived the requirement to meet and confer with opposing counsel for a mundane scheduling request where the Court is aware that Plaintiffs are highly contentious and litigious. *See Hilska v. Jones,* 217 F.R.D. 16, 20 (D.D.C. 2003), citing *Sparrow v. United Airlines, Inc.,* 216 F.3d 1111, 1113 & n.2 (D.C. Cir. 2000)* (holding that courts must relax procedural requirements for pro se litigants). Instead, the Court chose to unnecessarily berate me for not following applicable procedure. I have now reached out to opposing counsel, and I have demonstrated what I initially surmised—that Plaintiffs will not consent to any substantial extension of the court-imposed deadline to oppose their motion for contempt. They only consented

to an adjournment until the week of December 16, 2024. Additionally, it is worth noting, that while the Court dinged me for filing a letter instead of a motion, in New York federal court, where I practiced, a letter motion would have been sufficient.

9. With respect to the Court's order to show cause, as to why the upcoming hearing should only be for damages on civil contempt and not for assessing liability, the Court should consider that I did timely submit a request for an extension before the Court's imposed deadline.

10. Attached as **Exhibit A** is a true and correct copy of an email that Dr. Maria Ryan sent to the DC District Court clerk on December 2, 2024. Dr. Ryan, myself and my New York attorney all followed up with the clerk on December 3, 2024, when I asked my New York attorney to check the docket to confirm that the Court received my request. Attached as **Exhibit B** are true and correct copies of the aforementioned e-mails following up with the Court's clerk.

11. As I am certain the Court is aware, it takes time for the clerk to process pro se filings. Indeed, the automatically generated message states that the clerk will process filings within 24-48 business hours of receipt. In fairness to me, (a novel consideration in this case), leave must be given to allow my filings to be processed, as I cannot control the time it takes to docket an entry. My request was a reasonable one as not having an attorney puts me at a significant disadvantage that Plaintiffs' counsel and even this Court seem intent on exploiting.

12. Additionally, I do not have access to PACER or the docket. That creates a substantial delay in how I am receiving information and Court orders. For example, the Court issued an order on December 4, 2024 that I need to respond to an order to show cause by December 6, 2024 at 2PM. The order was sent to me via fed ex and I did not receive it until December 5, 2024, giving me less

than 24 hours to respond. Plaintiff's counsel and the Court is aware of this, yet chooses to give extremely short deadlines that do not allow me proper time to respond to these motions that are not time sensitive.

13. Substantively, as I have previously explained, there are legitimate legal defenses to the motion for contempt. The statements of which Plaintiffs complain are limited to statements I made about the trial, the appeal, and what I believe are erroneous rulings of the admissibility and preclusion of evidence. They do not defame or purport to defame Plaintiffs again. There is not a formal gag order in place and while I am aware of the injunction limiting what I can say about Plaintiffs, it is my First Amendment right to talk about the case and my defense. No one would even report on Plaintiffs further if it weren't for their scorched earth litigation tactics and the counsels leaking to the press.

14. As discussed supra, this is the second request for the extension to oppose Plaintiffs' motion for civil contempt. The Court denied the first request without prejudice.

I declare that the foregoing is true under penalties of perjury. Executed: December 5, 2024

Rudolph W. Giuliani,
Defendant pro se
315 South Lake Drive, Unit 5D
Palm Beach, FL 33480



## FW: Fwd: 23-cv-3754 Request for extension

**Katz, Adam** <akatz@goldbergsegalla.com>
12/03/2024 at 07:53 PM

**From:** **Katz, Adam** <akatz@goldbergsegalla.com>
**Sent:** 12/03/2024 at 07:53 PM
**To:** <dcd_intake@dcd.uscourts.gov>
**Cc:**

📎 1 Attachment(s) Total 150.2 KB    View ⌃

📄 Extension Request RG (edited).pdf (150.2 KB)

Hi: I am an attorney for Mr. Giuliani of some of his New York State matters. He tried to submit this to the docket in the above-captioned matter and it's not on the docket. Can you confirm receipt? Thanks, Adam Katz

**From:** "Maria Ryan" <mariaryannh@gmail.com>
**Date:** 12/03/2024 at 07:39 pm
**To:** "Adam Katz" <akatz@goldbergsegalla.com>
**Subject:** Fwd: 23-cv-3754 Request for extension

---------- Forwarded message ---------
From: **Maria Ryan** <mariaryannh@gmail.com>
Date: Mon, Dec 2, 2024 at 11:14 AM
Subject: 23-cv-3754 Request for extension
To: <Dcd_intake@dcd.uscourts.gov>