UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>Defendant. | No. 23-cv-3754-BAH |

**PLAINTIFFS' SUBMISSION IN RESPONSE TO THE COURT'S JANUARY 3, 2025 MINUTE ORDER**

Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") offer this submission pursuant to the Court's January 3, 2025 minute order directing Plaintiffs to file by this date (1) transcripts of the videotaped deposition excerpts of Pamela Michelle Branton ("Michelle Branton"), Frank Paul Braun III ("Frank Braun"), Frances Watson, Bernard Kerik, Jenna Ellis, and Christina Bobb admitted at trial in *Freeman, et al. v. Giuliani*, 21-cv-3354 ("*Freeman I*"); and (2) a brief summary of the deposition testimony in each exhibit, as well as "clarification of whether defendant had the opportunity to participate in the deposition" and "whether defendant posed any objection to the admission of these exhibits" at trial.

I.  **PLAINTIFFS DESIGNATED AND ADMITTED DEPOSITION TESTIMONY AT TRIAL.**

As part of the extensive discovery Plaintiffs conducted in *Freeman I*, Plaintiffs deposed several third-parties, including Ms. Branton, Mr. Braun, Ms. Watson, Mr. Kerik, Ms. Ellis, and Ms. Bobb. Plaintiffs admitted designated portions of those depositions at trial, summarized as follows.

**Ms. Branton (PTX-589):** Plaintiffs designated and admitted 04:34 minutes of Michelle Branton's deposition testimony at trial. ECF No. 35-1. In the designated testimony, Ms. Branton testified about her experience as a poll watcher at State Farm Arena during the 2020 election. *See generally id.* Specifically, Ms. Branton confirmed she was not told to leave State Farm Arena on Election Day in 2020 (including because of any water leak). *Id*. Ms. Branton further testified that had Mr. Giuliani reached out to her to learn about her experience at State Farm Arena, she would have clarified those details to him. *See id.* at 4–5.

**Mr. Braun (PTX-590):** Plaintiffs designated and admitted 30:59 minutes of Frank Braun's deposition testimony at trial. ECF No. 35-2. In the designated testimony, Mr. Braun discussed his role as investigator with the Georgia Secretary of State in 2020, including when he

served as one of the primary investigators looking into Giuliani's claims about Plaintiffs conduct at State Farm Arena on Election Day in 2020. *Id*. at 2. Mr. Braun reviewed and analyzed the entirety of the surveillance footage and conducted interviews. *See generally id.* Mr. Braun testified that the Georgia Secretary of State's investigation ("Georgia investigation") concluded that no election fraud had occurred at State Farm Arena, and confirmed that "there was no evidence that suggested [Ms. Freeman and Ms. Moss] did anything wrong, except show up for work and work hard." *Id.* at 18. In his testimony Mr. Braun specifically confirmed that: there were no illegal ballots brought in and hidden under a table (*id*. at 6, 11, 17–18); that "no one was kept out" or "told to leave or forced to leave" State Farm Arena on Election Day (*id.* at 11, 17); and that there "was no evidence" of ballots being counted multiple times (*id.* at 14; *see also id.* at 18).

**Ms. Watson (PTX-591):** Plaintiffs designated and admitted 24:15 minutes of Frances Watson's deposition testimony at trial. ECF No. 35-3. In the designated testimony, Ms. Watson discussed her background working in law enforcement and investigations, and her role as Chief Investigator with the Georgia Secretary of State in which she oversaw the Georgia investigation. *Id.* at 2–3. Like Mr. Braun, Ms. Watson testified about the procedures undertaken by the Georgia Secretary of State to conduct a fulsome investigation, including reviewing and analyzing the surveillance footage and conducting interviews. *See generally id.* In her testimony, Ms. Watson discussed the findings of the Georgia investigation and confirmed that on Election Day in 2020 the election workers were "doing their normal process," and that surveillance footage did not show "hidden suitcases of ballots," "election workers kicking observers out," or "election workers illegally counting ballots multiple times[.]" *Id.* at 4. As for the water leak, Ms. Watson indicated that election workers did not "make up that there was a water leak" or "kick observers out[.]" *Id.*

at 6. Ms. Watson testified that Mr. Giuliani's statements about illegal votes being counted were "not accurate." *Id.* at 12.

**Mr. Kerik (PTX-592):** Plaintiffs designated and admitted 13:30 minutes of Bernard Kerik's deposition testimony at trial. Declaration of M. Annie Houghton-Larsen ("Houghton-Larsen Decl."), Ex. 1. Mr. Kerik testified that he worked as an investigator for Mr. Giuliani during the time Mr. Giuliani was seeking to overturn the 2020 election. *See generally id.* Mr. Kerik testified about Mr. Giuliani directing him to send Mark Meadows the "Giuliani Strategic Communications Plan," which was a plan that Mr. Giuliani's team had been working on for approximately six weeks. *See id.* at 7. Mr. Kerik testified that in the body of the Giuliani Strategic Communications Plan, in a section focused on Plaintiffs, there was a placeholder reading "[n]eed confirmation of arrest and evidence." *Id.* at 8. Mr. Kerik testified that as far as he was aware, Mr. Giuliani's team never obtained such confirmation or evidence. *Id.* Mr. Kerik further explained that although he had the ability to do a background check, he never ran one on Ms. Freeman. *Id.*

**Ms. Ellis (PTX-594):** Plaintiffs designated and admitted 18:55 minutes of Jenna Ellis's deposition testimony at trial. Houghton-Larsen Decl., Ex. 2. In the designated testimony, Ms. Ellis was asked about efforts to overturn the 2020 election and statements made about fraud in Georgia, including with respect to the State Farm surveillance footage of Plaintiffs. Ms. Ellis was also asked about the disciplinary action she faced as a barred attorney in Colorado as a result of certain of her statements. Ms. Ellis exercised her Fifth Amendment right to protect against self-incrimination in response to every question designated by Plaintiffs. *See generally id.*

**Ms. Bobb (PTX-595):** Plaintiffs designated and admitted 10:16 minutes of Christina Bobb's deposition testimony at trial. Houghton-Larsen Decl., Ex. 3. In the designated testimony, Ms. Bobb testified about working with Defendant Giuliani and his legal team to overturn the 2020

election. *See generally id*. Ms. Bobb also briefly testified about her experience sitting in on a call between President Trump and Secretary of State Brad Raffensperger about the Election in Georgia, which she listened to with others including Defendant Giuliani. *See id*. at 7–8.

## II.    DEFENDANT GIULIANI HAD THE OPPORTUNITY TO PARTICIPATE IN THE DEPOSITIONS AND OBJECT TO THE DESIGNATIONS, AND CHOSE NOT TO.

Defendant Giuliani had the opportunity to participate in the depositions of each of Ms. Branton, Mr. Braun, Ms. Watson, Mr. Kerik, Ms. Ellis, and Ms. Bobb, but chose not to do so. Prior to each deposition, Plaintiffs' counsel provided Defendant Giuliani via email to his counsel with a notice of each third-party deposition. Houghton-Larsen Decl., Exs.4–8. Each notice included the date and time for that respective deposition. *Id.* To the extent the deposition changed from the noticed date and time, Plaintiffs' counsel made Defendant's counsel aware of that change. *Id.* at Exs. 9–10. Despite this, counsel for Defendant did not attend the depositions of Ms. Branton, Mr. Braun, Ms. Watson, Mr. Kerik, Ms. Ellis, or Ms. Bobb.

Defendant Giuliani also had, and again declined, the opportunity to object to Plaintiffs' deposition designations for the deposition designations of Ms. Branton, Mr. Braun, Ms. Watson, Mr. Kerik, Ms. Ellis, and Ms. Bobb. On September 20, 2023, the Court directed that "by November 14, 2023, the parties shall file their joint pretrial statement (JPTS)", and that the parties consult the Court's Standing Order for JPTS requirements. *Freeman I*, Sept. 20, 2023 Minute Order. For deposition designations, the Standing Order required that, to "facilitate the Court's review and ensure clarity of the record . . . any objections to a designation shall be set out in a chart for each deposition" which shall include, in relevant part "the Federal Rule of Evidence relied upon for the objection and a brief explanation by the objecting party[.]" *Freeman I*, ECF No. 4 at 5. After meeting and conferring regarding the same, on November 14, 2023, the parties jointly submitted the JPTS, which included Plaintiffs' deposition designations. Mr. Giuliani did not note

any objections to any of the deposition designations.[1] On December 4, 2023, the parties filed an amended JPTS (again with deposition designations).[2] *Freeman I*, ECF No. 115 at 6–7.

A few weeks later, at the pre-trial conference, Defendant's counsel represented to this Court that Defendant Giuliani did not object, or plan to object, to Plaintiffs' deposition designations at trial. *See Freeman I*, Dec. 5, 2023 Minute Order. However, because Mr. Giuliani was not personally present at the pre-trial conference, despite the Court's order requiring his presence, the Court ordered Mr. Giuliani's counsel to confer with his client and promptly confirm whether, *inter alia*, "defendant does not object and will assert no objection at trial to plaintiffs' deposition designations, set forth in the First Amended JPTS." *Id.* On December 6, 2023, Defendant Giuliani filed such confirmation. *Freeman I*, ECF No. 116 at 1.

---

[1] Defendant Giuliani included a footnote with a blanket statement to apparently prevent waiver of his appellate rights. *Freeman I*, ECF No. 105 at 4 n.1 ("Giuliani participates in this Joint Submission pursuant to the Court's prior Orders, but does not, hereby waive any appellate rights to challenge the propriety of the Court's prior Orders or that the Court clarify or reconsider prior Orders.")

[2] This JPTS also contained the same footnote reservation of appellate rights.

Dated: January 8, 2025

Respectfully submitted,

By: /s/ Michael J. Gottlieb
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
**WILLKIE FARR & GALLAGHER LLP**
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

Aaron E. Nathan (1047269)
M. Annie Houghton-Larsen*
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8904
anathan@willkie.com
mhoughton-larsen@willkie.com

Rachel Goodman*
**UNITED TO PROTECT DEMOCRACY, INC.**
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org

Von A. DuBose*
**DUBOSE MILLER LLC**
75 14th Street NE, Suite 2110
Atlanta, Georgia 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

*Admitted pro hac vice*

**Counsel for Plaintiffs**