# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEMAN, et al. ) | |
| ) | |
| v. ) | Case No. 1:23-cv-3754-BAH |
| ) | |
| GIULIANI ) | |
| ) | |
| _____) | |

## DEFENDANT'S MOTION TO APPEAR VIRTUALLY

/s/ Eden P. Quainton
EDEN P. QUAINTON, ESQ.
QUAINTON LAW, PLLC
D.C. Bar No. NY0318
2 Park Ave., 20th Fl.
New York, New York 10016
Telephone: (212) 419-0575
eden.quainton@quaintonlaw.net

/s/ Jonathan S. Gross
JONATHAN S. GROSS, ESQ.
LAW OFFICES OF JONATHAN GROSS
D.C. Bar No. MD0126
2833 Smith Ave., Suite 331
Baltimore, MD 21209
Telephone: (443) 813-0141
jonathansgross@gmail.com
*Attorneys for Defendant*
*Rudy Giuliani*

**PRELIMINARY STATEMENT**

Defendant Rudy Giuliani ("Defendant" or "Mayor Giuliani"), by and through counsel, respectfully requests that he be allowed to appear virtually at the hearing in this matter set for January 10, 2025. Defendant has conferred with counsel for Plaintiffs, who take no position on the request.

Mayor Giuliani lives in Florida. He is 80 years old and suffers from a number of medical conditions. These include a severe knee conditions, one which involves a knee that has already been the subject of emergency surgery and the other that will require surgery and rehab, as well as a lung condition that requires the use of an inhaler. Moreover, Mayor Giuliani has had two stents inserted to deal with a 95% blockage in one coronary artery and an 85% blockage in the other coronary artery. Mayor Giuliani takes medication for his heart condition and carries nitroglycerin with him at all times.

In addition, there have been a number of credible death threats against Mayor Giuliani, including two successful prosecutions and others that could be detailed if necessary.[1] As one of the more outspoken critics of the current Iranian regime, at a time of heightened terrorism concerns following the recent events in New Orleans and Las Vegas and the escalating conflict between Israel and Iran and its various proxies, it is reasonable to take extra precautions regarding Mayor Giuliani's safety, and to limit travel whenever possible. All of this not only makes travel burdensome, but also complicates entrance to and exit from the Courthouse. For these reasons, Mayor Giuliani's health and safety concerns strongly militate in favor of permitting him to appear remotely at the January 10 hearing.

---

[1] See https://www.yahoo.com/news/exclusive-us-government-warns-iran-may-try-to-kill-american-officials-in-revenge-for-killing-top-general-162641423.html?guccounter=1

**<u>LEGAL STANDARD</u>**

Fed. R. Civ. P. 43(a) provides:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(c) provides:

> When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.

Plaintiffs' Motion for Civil Contempt (the "Mot.") relies almost exclusively on alleged facts outside the record, namely, short extracts from unauthenticated videos made generally available to the public. Accordingly, Fed. R. Civ. P. 43(c) applies to the Mot. and a showing of good cause and compelling circumstances is not required to permit witnesses to testify remotely. In a recent contempt proceeding in the pending turnover action in the Southern District of New York, *Freeman v. Giuliani,* Case No. 1:24-cv-6563, the Southern District authorized Mayor Giuliani's remote testimony based on a simple letter from counsel and did not require a showing of good cause and compelling circumstances. *See* 24-cv-6563, Dkts. 177, 183. Accordingly, the Court is free to exercise its discretion to permit Mayor Giuliani to appear and testify remotely.

Some Circuits have held that a civil contempt proceeding is a "trial" for purposes of Rule 43(a). *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983). Defendant is unaware of any such rule in the District of Columbia. However, if the Court applies the good cause and compelling circumstances standard required under Fed. R. Civ. P. 43(a), Mayor Giuliani submits his personal circumstances meet this stringent standard.

## **LEGAL ARGUMENT**

Mayor Giuliani suffers from a number of medical conditions that make travel challenging and risky. *See supra* at 1. In addition, Mayor Giuliani has been the target of hatred and death threats from many sources, which often requires the mobilization of a security team for travel outside of Defendant's home in Florida and will complicate Defendant's in-person participation in the January 10 hearing. *Id.* These factors provide sufficient support for the Court to exercise its inherent discretionary authority to permit Mayor Giuliani to appear remotely at this Friday's hearing. *See* 24-cv-6563, Dkt. 183.

However, even if the Court applies Fed. R. Civ. P. 43(a), the Court should permit Defendant to appear remotely. Mayor Giuliani's medical and security concerns satisfy the constitute good cause and compelling circumstances requirements under Rule 43(a). *See Donahue v. U.S. Dep't of Homeland Sec.*, No. 16-CV-02443 (APM), 2021 WL 5764710, at *1 (D.D.C. Sept. 30, 2021), *aff'd sub nom. Donahue v. United States Dep't of Homeland Sec., FEMA*, No. 21-5268, 2023 WL 7919630 (D.C. Cir. Nov. 16, 2023) (health circumstances satisfy requirements for remote testimony); *Wilson v. United States*, No. 218CV1241JCMNJK, 2023 WL 2795866, at *2 (D. Nev. Apr. 5, 2023) (health procedure constitutes good cause under Rule 43(a)); *Sawant v. Ramsey*, No. 3:07-CV-980 VLB, 2012 WL 1605450, at *3 (D. Conn. May 8, 2012) (health conditions constitute good cause and compelling circumstances). As to the security risks to Mayor Giuliani, while Defendant is unaware of any specific authority directly on point under Rule 43, courts have recognized that threats to individuals constitute "good cause" for other purposes. *See, e.g.*, *Jones v. City of Saratoga Springs,* No. 2:23-CV-00019-AMA-CMR, 2024 WL 4028206, at *2 (D. Utah Sept. 3, 2024) (violent threats directed at defendants established good cause for issuance of a protective order); *In re Carrsow-Franklin*, 456 B.R. 753, 758 (Bankr. D.S.C. 2011) (death threats and damage to reputation resulting from

4

negative publicity constituted "good cause" for purposes of entry of protective order). In the current climate of heightened security risks following the terrorist attack in New Orleans and the apparent attempted bombing of a Trump hotel in Las Vegas, Defendant's security concerns should be taken seriously. These heightened risks could not have been known at the time the Court initially scheduled the contempt hearings.

Finally, there are clearly "adequate safeguards" for the taking of remote testimony. In the wake of the Covid pandemic, when remote proceedings were routine in many cases, the Court is equipped with state-of-the-art video conferencing technology, which courts routinely find is sufficient to satisfy the "adequate safeguards" prong of Rule 43(a). *See Novello v. Progressive Express Ins. Co.*, No. 8:19-CV-1618-KKM-JSS, 2021 WL 1597937, at *1 (M.D. Fla. Apr. 23, 2021); *House v. Players' Dugout, Inc.*, No. 3:16-CV-00594-RGJ, 2021 WL 4898071, at *13 (W.D. Ky. Oct. 20, 2021) (courts have found that video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings) (citing *Aoki v. Gilbert, No.* 2:11-cv-02797, 2019 WL 1243719, at *1 (E.D. Cal. Mar. 18, 2019). To the extent any specific procedures are required, these could be put in an appropriate order. *See In re Alle*, No. 2:13-BK-38801-SK, 2021 WL 3032712, at *5 (C.D. Cal. July 19, 2021) (implementing Zoom procedures, such as use of neutral background, visibility of speaker from waist up, and forbidding the use of electronics in room from which the witness is testifying). Mayor Giuliani will comply with any requirements of the Court relating to remote appearances and testimony.

## **CONCLUSION**

For the foregoing reasons, Mayor Giuliani respectfully requests that the Court permit him to appear virtually at the January 10, 2025 hearing.

Dated: January 8, 2025

Respectfully submitted,

/s/ Eden P. Quainton
EDEN P. QUAINTON, ESQ.
QUAINTON LAW, PLLC
D.C. Bar No. NY0318
2 Park Ave., 20th Fl.
New York, New York 10016
Telephone: (212) 419-0575
Eden.quainton@quaintonlaw.net

/s/ Jonathan S. Gross
JONATHAN S. GROSS, ESQ.
LAW OFFICES OF JONATHAN GROSS
D.C. Bar No. MD0126
2833 Smith Ave., Suite 331
Baltimore, MD 21209
Telephone: (443) 813-0141
jonathansgross@gmail.com

*Attorneys for Defendant Rudy Giuliani*