UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUBY FREEMAN, *et al.*,

        Plaintiffs,

   v.

RUDOLPH W. GIULIANI,

        Defendant.

Civil Action No. 23-3754 (BAH)

Judge Beryl A. Howell

**FINDING OF CONTEMPT AND CONDITIONAL ORDER**

Plaintiffs Ruby Freeman and Wandrea' ("Shaye") Moss moved on November 20, 2024, for defendant Rudy Giuliani to be held in civil contempt, Pls.' Mot for Contempt, ECF No. 19, based on alleged violations, on November 12 and 14, 2024, by defendant of the Final Consent Judgment and Permanent Injunction ("Consent Judgment"), ECF No. 16, entered in this case on May 22, 2024. This motion was supplemented with information about defendant's additional alleged violations of the Consent Judgment, on November 19 and 21, 2024. Pls.' Notice of Additional Information in Support of Pls.' Mot. For Civil Contempt ("Pls.' Notice of Add'l Info."), ECF No. 40.

The Court finds, based on clear and convincing evidence, that defendant violated the Consent Judgment. The Consent Judgment, to which defendant agreed and requested that this Court enter, *see* Stipulation and Consent to Entry of Final Judgment, ECF No. 14, contains a provision that permanently enjoins him from engaging in conduct described in part (a) and part (b). Consent Judgment at 5. He violated part (a), which enjoins defendant from making "any statements that suggest that Plaintiffs, whether mentioned directly, indirectly, or by implication, engaged in wrong-doing in connection with the 2020 presidential election," by making at least

1

the following four of statements in three talk show videos that were live streamed to social media on November 12, 14, and 19, 2024:

1. "The tapes show them quadruple counting the ballots." Pls.' Mot. for Contempt, Ex. 1 at 1:16:24-1:19:12, ECF No. 19-2.

2. "And then then another one is uh they're passing these little uh little hard drives that we maintain were used to fix the machines right and they say it was candy. Well you look at it looks like a hard drive to me and they told me it was a hard drive and there's no proof that it was candy." *Id.*

3. "These women where you can see if you want in living color her quadruple counting votes and the people uh thrown out of the Arena like I said." *Id.*, Ex. 2 at 1:00:50-1:01:32, ECF No. 19-3.

4. "You know the tapes in at the Arena . . . at the State Arena in Atlanta . . . uh they threw out all the people that were observing the vote count, uh closed the doors. All of a sudden um these two ladies and several others shoo everybody out. Everybody's gone. Close down the Arena. . . . They make one more casing of the joint, now this is not on the tape anymore, used to be, casing of the joint and then all of a sudden they have a covered over table that uh hadn't been used all day to take any ballots out and when nobody was around they pull up, pull up the and they take five bins out and turn them over to the people counting and you can see them quadruple counting. . ." Pls.' Notice of Add'l Info., Ex. 1, ECF No. 40-2.

Defendant also violated the part (b), which enjoins defendant from making "any of the Actionable Statements [defined to mean the statements enumerated in Appendix A] adjudged false and defamatory in *Freeman I* [referring to *Freeman v. Giuliani*, No. 21-cv-3354 (BAH)], or any other statements conveying the same defamatory meaning," Consent Judgment at 5, by making the same four statements. The first statement conveys the same meaning as statements 4, 6, 9, 10, 17, 28, 29, 30, and 31 from Appendix A; the second statement conveys the same meaning as statements 2, 14, 15, and 17 from Appendix A; the third statement conveys the same meaning as statements 4, 6, 9, 10, 17, 28, 29, 30, 31 from Appendix A with respect to "quadruple counting votes," and statements 3, 4, 6, 7, 9, 10, 12, 14, 15, 16, 19, 23 from Appendix A with

respect to "people thrown out of the Arena"; and the fourth statement conveys the same meaning as statements 3, 4, 6, 7, 9, 10, 12, 14, 15, 16, 19, 23 from Appendix A with respect to "shoo[ing] everybody out [of the Arena]," and statements 4, 6, 9, 10, 17, 28, 29, 30, 31 from Appendix A with respect to "quadruple counting."

Therefore, upon consideration of plaintiffs' motion, ECF No. 19, defendant's opposition, ECF No. 34, plaintiffs' reply, ECF No. 35, plaintiffs' notice of additional information, ECF No. 40, the exhibits attached thereto, the arguments made and testimony given by defendant at the hearing on January 10, 2025, and the underlying record in this case and in *Freeman I*, for the reasons explained orally at the hearing, it is hereby:

**ORDERED** that plaintiffs' motion to hold defendant in civil contempt, ECF No. 19, is **GRANTED**; it is further

**ORDERED** that defendant is held in civil contempt for repeatedly failing to comply with the Consent Judgment in this case; it is further

**ORDERED** that, to purge this contempt, defendant shall, by January 20, 2025, publicly file on the docket in this case a declaration, sworn under penalty of perjury, affirming the following:

1. Defendant has reviewed, in full, all of the sworn testimony by plaintiffs and plaintiffs' witnesses at the *Freeman I* trial, contained in the trial transcripts on the *Freeman I* docket, at ECF Nos. 145, 146, 152, 154, 155, and in the deposition designations filed by plaintiffs in this case, at ECF Nos. 35-1, 35-2, 35-3, and 36 (collectively, *Freeman I* Sworn Testimony").

2. Defendant affirms that he and his counsel had an opportunity to attend the depositions included in the *Freeman I* Sworn Testimony, cross-examine those witnesses, and object

3

to the deposition designations but declined to do so, *see* Pls.' Response to Court's January 3, 2025 Minute Order, ECF No. 36 at 4-5; *id.*, Exs. 4-10, ECF No. 36-5, 36-6, 36-7, 36-8, 36-9, 36-10, 36-11.  Defendant also had an opportunity to attend the *Freeman I* trial and cross-examine the plaintiffs, whose testimony is included in the *Freeman I* Sworn Testimony.

3. Defendant has further reviewed, in full, the March 7, 2023 Georgia Secretary of State's Investigation Division's Report of Investigation ("Georgia Report of Investigation") into allegations of election fraud in the 2020 presidential election, PTX 426 (admitted at trial, see ECF No. 145 at 64:24 (Trial Tr., Dec. 11, 2023)), which concludes: "All allegations made against Freeman and Moss were unsubstantiated and found to have no merit."

4. Defendant understands and acknowledges that the *Freeman I* Sworn Testimony and Georgia Report of Investigation conclusion, referenced in paragraphs 1 and 3 above, directly contradict the veracity of the unsworn statements that defendant has made about plaintiffs that triggered the contempt proceeding.

5. Defendant understands and acknowledges that no factual matter set out in the *Freeman I* Sworn Testimony or the conclusion reached in the Georgia Report of Investigation, referenced in paragraphs 1 and 3 above, has been contradicted or otherwise undermined in any way by any other sworn testimony or formal report issued by any government body; it is further

**ORDERED** that defendant shall be assessed a $200 fine for each day that defendant does not comply with this condition after January 20, 2025, which fine shall be paid directly to plaintiffs' law firm as partial reimbursement of the attorneys' fees and costs associated with the

contempt proceeding and to defray the costs of plaintiffs' ongoing monitoring of defendant's compliance with the Consent Judgment; it is further

**ORDERED** that if the $200 per day fine has accumulated for over 30 days without payment, the Court may, upon plaintiffs' motion, reconsider the more severe sanction recommended by plaintiffs; it is further

**ORDERED** that plaintiffs within 10 days shall submit to the Court their attorneys' fees and costs associated with the contempt proceeding; it is further

**ORDERED** that defendant will reimburse plaintiffs in full for those costs within 45 days of plaintiffs' filing, or else upon a schedule agreed upon with plaintiffs after conferral; and it is further

**ORDERED** that defendant remains subject to the Consent Judgment, and the Court continues to retain jurisdiction to enforce further violations as necessary.

**SO ORDERED.**

Date:  January 10, 2025

*This is a final and appealable order.*

_____
**BERYL A. HOWELL**
United States District Judge